[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2007
THOMAS K. KAHN
CLERK

No. 06-15576
Non-Argument Calendar
_____

BIA No. A97-949-826

XIN GUI LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 9, 2007)**

Before BIRCH, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Xin Gui Liu, a native and citizen of China, petitions for review of the

decision of the Board of Immigration Appeals ("BIA") which dismissed his appeal

of the Immigration Judge's ("IJ") denial of asylum.[1]  In support of his asylum application, Liu asserted that he was persecuted based on his practice of Falun Gong.  On appeal, Liu argues that the BIA erred by affirming the IJ's adverse credibility finding, which he asserts was not supported by substantial evidence and was not based on an adequate consideration of the other evidence of persecution.  After careful review, we affirm.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well."  Id.  In this case, the BIA issued a written opinion, and, although it agreed with the IJ's adverse credibility finding and ultimate conclusion, it did not expressly adopt the IJ's opinion.  Accordingly, we will review only the BIA's opinion, although we will also examine the inconsistencies the IJ noted on which the BIA relied.  See id. at 1284.

Like other factual findings, credibility determinations are reviewed under the substantial evidence test, meaning that the IJ must offer specific, cogent reasons for an adverse credibility finding.  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-

---

[1] Because we find that Liu did not establish a case for asylum under the INA, we do not consider whether he satisfied the higher standard for withholding of removal under the INA or relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment.  See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

2

1287 (11th Cir. 2005). And "an adverse credibility determination <u>alone</u> may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. <u>Id.</u> at 1287 (emphasis added); <u>D-Muhumed v. U.S. Att'y Gen.</u>, 388 F.3d 814, 819 (11th Cir. 2004) (same). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." <u>Forgue</u>, 401 F.3d at 1287 (citations omitted). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." <u>Ruiz v. U.S. Att'y. Gen.</u>, 440 F.3d 1247, 1255 (11th Cir. 2006).

An alien who arrives in or is present in the United States may apply for asylum. <u>See</u> INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." <u>See</u> INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. <u>See</u> <u>Al Najjar</u>, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant

satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" of future persecution. Ruiz, 440 F.3d at 1257.

An adverse credibility determination alone may be fatal to an asylum application. Forgue, 401 F.3d at 1287. However, an adverse credibility finding does not alleviate the IJ's duty to consider other evidence produced by the applicant. Id. For a credibility finding to be dispositive, the IJ must make "clean determinations of credibility." Yang v. U.S. Att'y. Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (internal quotation marks omitted). "The weaker an applicant's testimony, . . . the greater the need for corroborative evidence." Id. After an adverse credibility finding is made, the applicant bears the burden of showing this decision was not supported by specific, cogent reasons or was not based on substantial evidence. Forgue, 401 F.3d at 1287. We have held that an IJ's concerns about the credibility of an applicant on "key elements of the claim," combined with the applicant's failure to rebut these with sufficient corroborating evidence and explanation, supported a finding that the applicant did not qualify for asylum. Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1369 (11th Cir. 2005).

Here, substantial evidence supports the BIA's adverse credibility finding because the BIA gave specific, cogent reasons for its adverse credibility determination. As the BIA noted, Liu's testimony and asylum application were

materially inconsistent with his credible-fear interview on several key points, including (1) whether his family knew about the illegality of Falun, and (2) whether his claim for asylum was based on impregnating his girlfriend or the practice of Falun Gong. On this record, we cannot say that the record compels a contrary finding as to Liu's credibility.

After the adverse credibility finding was made, it was Liu's burden to "show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287. He suggests the IJ and the BIA failed to consider his explanation for lying during his credible-fear hearing. Liu claimed that he was threatened by a "snakehead" (an alien smuggler) who told Liu to lie during his interview. Liu raised this argument before the BIA. The BIA explicitly addressed the claim in its order, finding that Liu's explanation was "not sufficient to overcome the diminishment in [his] veracity." We also observe that the IJ specifically mentioned Liu's claim concerning the "snakehead" threats twice during his oral decision. Simply put, the record does not support Liu's claim that the IJ and the BIA failed to consider his explanation. Moreover, from our own review, the record does not compel a conclusion contrary to the BIA's.

Because Liu lied about the basis for asylum in his credible-fear interview, and because a discrepancy exists between Liu's testimony and his father's letter

5

concerning the legality of Falun Gong, substantial evidence supports the BIA's adverse-credibility determination and conclusion that Liu had not met his burden to overcome that finding. Accordingly, we deny the petition for review.

**PETITION DENIED.**